# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **STEPHANIE WILSON**<br>725 Washington St.<br>Apartment #315<br>Monroe, MI 48161<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**UAW FORD RETIREMENT PLAN**<br>P.O. Box 6050<br>Dearborn, MI 48121<br><br>and<br><br>**UAW FORD RETIREMENT BOARD**<br>P.O. Box 6050<br>Dearborn, MI 48121,<br><br>　　　　**Defendants.** | CASE NO.:　　5:21-cv-10355<br><br>Judge<br><br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTY UNDER ERISA, FOR BENEFITS DUE UNDER AN ERISA PLAN. FAILURE TO PRODUCE DOCUMENTATION REQUIRED UNDER ERISA, AND UNJUST ENRICHMENT**<br><br><br>**Mitchell E. Garner (P49340)**<br>megarner@allottafarley.com<br>**Jeremy T. Rodriguez (OH 0081495)**<br>jrodriguez@allottafarley.com<br>**Allotta \| Farley Co. L.P.A.**<br>**2222 Centennial Road**<br>**Toledo, Ohio 43617**<br>**Ph.: (419) 535-0075**<br>**Fax: (419) 535-1935**<br>**Counsel for Plaintiff** |

　　Now comes Stephanie Wilson, ("Plaintiff" or "Ms. Wilson"), who for her Complaint against UAW Ford Retirement Plan and the UAW Ford Retirement Board, ("Defendants"), alleges and avers as follows:

## JURISDICTION AND VENUE

1.     Plaintiff brings this action under the provisions of Sections 502(a)(1), (a)(3), (a)(4), (c), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(a)(1), (a)(3), (a)(4), (c), (e) and (f)].

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1132(e)(2), as the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## PARTIES

3.     Ms. Wilson is an individual who is the surviving spouse of Mr. Eric Wilson. Ms. Wilson resides at the address set forth above, is currently furloughed from her regular place of employment, and her sole source of income consists of weekly unemployment benefits from the State of Michigan and monthly Social Security payments as the widow of Mr. Eric Wilson.

4.     Defendant UAW Ford Retirement Plan (the "Plan") is a defined benefit pension plan subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Plan is sponsored by Defendant UAW Ford Retirement Board (the "Board") and provides pension benefits to retired employees (and eligible beneficiaries) who were covered by a collective bargaining agreement between the Ford Motor Company and the United Autoworkers Union. In addition to sponsoring the Plan and following the terms of the governing documents, the Board is also charged with fulfilling all fiduciary duties imposed under ERISA. At this point, the Plaintiff does not know whether the Plan Administrator is an employee of the Plan/Board or a third-party administrator.

**FACTS**

5. Plaintiff incorporates Paragraphs 1 through 4 above as if fully rewritten herein.

6. Plaintiff and Mr. Eric Wilson were married on August 7, 1971. As of the date of the marriage, Mr. Eric Wilson was employed as an autoworker and was working for the Ford Motor Company. A copy of the marriage certificate is attached hereto as Exhibit A.

7. Sometime in 1984, Ms. Wilson and Mr. Eric Wilson began residing in separate residences. However, despite ceasing to cohabitate, Plaintiff and Mr. Eric Wilson remained married, never obtained a divorce or legal separation, and never attempted to remarry.

8. Following the physical separation, Ms. Wilson and Mr. Eric Wilson remained in contact and continued to see one another.

9. At a time, unbeknownst to the Plaintiff, Mr. Eric Wilson retired from the Ford Motor Company and elected to receive a retirement benefit under the Plan. Mr. Eric Wilson then began receiving a monthly pension benefit in an amount unbeknownst to the Plaintiff.

10. Despite still being married to the Plaintiff, it appears based on the information the Plaintiff has received from the Plan that Mr. Eric Wilson was receiving a monthly pension benefit based on a single life annuity.

11. The Plaintiff never signed or executed a waiver of any joint and survivor annuity benefits mandated by ERISA, nor have the Defendants produced such a waiver.

12. Mr. Eric Wilson died on October 24, 2018. A copy of Mr. Eric Wilson's death certificate is attached hereto as Exhibit B.

13. At no time prior to Mr. Eric Wilson's death was Plaintiff aware that Mr. Wilson was receiving a monthly pension benefit from the Plan.

14. On December 14, 2018, Attorney Kate Weber sent a letter to the Plan on behalf of Ms. Wilson making a claim for benefits as the surviving spouse of Mr. Eric Wilson and attached thereto a copy of the marriage certificate ("Exhibit A") and a letter from the Social Security Administration showing her entitlement to widow's benefits as the surviving spouse of Eric Wilson. A copy of Ms. Weber's letter is attached hereto as Exhibit C. A copy of the letter from the Social Security Administrator referenced above is attached hereto as Exhibit D.

15. There is no record of a written response from the Plan to Ms. Weber's letter.

16. Plaintiff then engaged another attorney, Christine Steinmetz, to assist her in this matter. On May 10, 2019, Attorney Steinmetz sent a letter to the Plan on behalf of the Plaintiff making a claim for benefits as the surviving spouse of Mr. Eric Wilson, a demand for plan documents, a written explanation of the Plan's determination thus far, and documentation pertaining to Mr. Eric Wilson's accrued benefit under the Plan. A copy of Attorney Steinmetz's letter is attached hereto as Exhibit E.

17. There is no record of a written response from the Plan to Attorney Steinmetz's letter which addresses the claim for benefits as a surviving spouse and documentation/information requested therein.

18. The Plan sent a letter to Ms. Wilson dated August 16, 2019 stating that monies are due to Mr. Eric Wilson that were unpaid prior to his death. The letter indicates that the payment is payable to his estate and estimated to be $8,352.75. The letter does not address Ms. Wilson's previous claim for surviving spouse benefits or request for documentation. However, it is addressed to her attention as the representative of Mr. Eric Wilson's estate. A copy of the Plan's August 16, 2019 letter is attached hereto as Exhibit F.

19. Ms. Wilson then retained the undersigned counsel to represent her in this matter. On June 9, 2020, the undersigned counsel sent the Plan a letter serving as both a claim for benefits and a request for documentation and the administrative record. Each of the Exhibits referenced above were included with counsel's letter. A copy of the June 9, 2020 letter is attached hereto as Exhibit G.[1]

20. On July 18, 2020, the Plan sent a letter to Ms. Wilson and the undersigned counsel denying her claim for surviving spouse benefits. In response to the claim, the Plan stated the following:

> "Your initial claim to Survivor's benefits has been denied by the Plan Administrator pursuant to the terms of the Plan. Pursuant to the Plan and/or Summary Plan Description (a copy of which is attached for your review), Ford Motor Company – UAW Retirement Plan, Article IV, Section 7(f); election for survivorship must have been received by the Board before the first day of the month in which the retiree has been married 18 months. However, if the election is made after the retiree's one year anniversary of his or her marriage but before the end of the 18 month election period, the coverage shall commence on the one year anniversary date and the applicable reduction shall commence on the first day of the month following the one year anniversary date. *Unfortunately, the participant did not inform the Board that he was married.*" (emphasis added)

21. Despite the quoted provision above, the July 18, 2020 letter (referenced above and attached hereto as Exhibit H) only included nine (9) pages of either the Summary Plan Description ("SPD") or Plan document. The request for a copy of the administrative record was ignored and Ms. Wilson was told she could appeal the denial by filing a written request within sixty (60) days of the determination.

---

[1] In addition to the Exhibits referenced above, the undersigned counsel also produced a letter from the Ohio Department of Vital Statistics indicating it had no divorce on file for Mr. and Mrs. Wilson. As noted in the death certificate, Mr. Wilson was living in Ohio at the time of his death. A copy of this letter is included with Exhibit G.

22. On July 24, 2020, the undersigned counsel sent a letter to the Plan responding to Exhibit H. This letter reiterated the request for the complete Plan document, SPD, administrative record, along with a written response addressing the documentation attached to the claim for surviving spouse benefits. The undersigned counsel indicated that he was unable to conduct a proper appeal without the document/information requested above. A copy of this July 24, 2020 letter is attached hereto as Exhibit I.

23. On August 20, 2020, the Plan sent a letter to Ms. Wilson and the undersigned counsel refusing the documentation and information request. Further, the Plan informed Ms. Wilson and counsel that it would only produce the documentation requested upon receipt of a subpoena. A copy of the Plan's letter is attached hereto as Exhibit J.

## COUNT I – Breach of Fiduciary Duty
## Section 29 U.S.C. §1132(a)(1)(B)

24. Plaintiff incorporates all the recitations set forth in Paragraphs 1-23 above as if fully restated herein.

25. As set forth above, Ms. Wilson is the surviving spouse of Mr. Eric Wilson. While the parties separated, there is no record of a legal divorce or separation.

26. Ms. Wilson is currently receiving surviving spousal benefits from the Social Security Administration as the surviving spouse of Mr. Eric Wilson.

27. Ms. Wilson contacted the Plan within two (2) months following the death of Mr. Eric Wilson and made a claim for surviving spouse benefits under the Plan.

28. Ms. Wilson, through the undersigned counsel and previously retained counsels, provided the Defendants with documentation establishing the facts raised in Paragraphs 25 and 26 above.

29. Under 26 U.S.C. § 401(a)(11), a defined benefit plan must provide a Qualified Joint and Survivor Annuity ("QJSA") as the normal form of the benefit. A QJSA provides a benefit to the surviving spouse following the death of a participant who was receiving benefits from the plan at the time of his or her death. The percentage of the benefit available to the surviving spouse depends upon the terms of the Plan but must be at least 50%.

30. Additionally, 26 U.S.C. § 417(a)(2) provides that the QJSA benefits awarded to a spouse cannot be waived unless such spouse consents in writing to the designation of another beneficiary (or form of benefits) and such written consent is witnessed by a plan representative or a notary public.

31. The Plan has failed to produce, or otherwise allege, that such a written consent was executed by Ms. Wilson.

32. Despite the evidence set forth above, the Plan has refused to accept her claim as the surviving spouse of Mr. Eric Wilson and denied her benefits which are otherwise due to her under both the terms of the Plan and applicable federal law.

33. Accordingly, Plaintiff brings this action to recover the benefits noted above, enforce her rights under the terms of the Plan, and to clarify her rights to future benefits under the terms of the Plan.

## COUNT II – Enjoinment and Other Appropriate Equitable Relief
## 29 U.S.C. §1132(a)(3)

34. Plaintiff incorporates all the recitations set forth in Paragraphs 1-33 above as if fully restated herein.

35. By refusing to provide the surviving spouse benefits to Ms. Wilson, the Plan is engaging in a practice which violates both the IRS Code provisions noted in Paragraphs 29 and 30 above and the terms of the Plan.[2]

36. Therefore, Ms. Wilson is requesting that the Court enjoin this denial which violates the IRS Code provisions noted above, redress this violation, and enforce the applicable provisions noted above.

### COUNT III – Enjoinment and Other Appropriate Equitable Relief
### 29 U.S.C. § 1132(a)(3)

37. Plaintiff incorporates all the recitations set forth in Paragraphs 1-36 hereof as if fully restated herein.

38. As noted above, the Plan has not produced written evidence that it has otherwise complied with the claims and appeals regulations set forth in 29 C.F.R. § 2560.503-1. This includes written evidence responding to the claims made on Ms. Wilson's behalf by attorneys Weber and Steinmetz.

39. Moreover, the responses provided to the undersigned counsel were inadequate and did not meet the requirements of 29 C.F.R. § 2560.503-1.

40. Additionally, the Defendants have refused to disclose the administrative record related to Ms. Wilson's claim for benefits.

41. The documents requested by the undersigned counsel (on two separate occasions) and attorneys Weber and Steinmetz are required to be produced under both 29 U.S.C. § 1021 and §1133.

---

[2] Counsel has not seen a complete copy of the Plan document or Summary Plan Description but assumes that the Plan has received a favorable IRS determination letter and the current documents comply with applicable federal law.

42. In refusing to adequately respond to documentation and claims requests, the Defendants have prevented Ms. Wilson from receiving a full and fair review as otherwise mandated under ERISA.

43. Therefore, Ms. Wilson is requesting that the Court force the Plan to disclose the documentation requested and to redress this violation by providing any appropriate equitable relief that it deems proper to account for the hardship caused to the Plaintiff due to this violation.

### COUNT IV – Refusal to Disclose Requested Document and Information
### 29 U.S.C. § 1132(c) (Steinmetz Letter – Exhibit E)

44. Plaintiff incorporations all the recitations set forth in Paragraphs 1-43 hereof as if fully restated herein.

45. As set forth above, Attorney Steinmetz made a valid claim for documentation required to be produced by the Defendants. This request was made on May 10, 2019.

46. There is no written record of the Defendants responding to this request.

47. Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by Attorney Steinmetz on May 10, 2019.

### COUNT V – Refusal to Disclose Requested Documentation and Information
### 29 U.S.C. §1132(c) (Undersigned Counsel Letter – Exhibit G)

48. Plaintiff incorporates all the recitations set forth in Paragraphs 1-47 hereof as if fully restated herein.

49. As set forth above, the undersigned counsel made a valid claim for documentation required to be produced by the Defendants. This request was made on June 9, 2020.

50. The Defendants responded by producing nine (9) pages of either the Plan document or Summary Plan Description and ignored the request for a copy of the administrative record.

51. Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by the undersigned counsel on June 9, 2020.

### COUNT VI – Refusal to Disclose Requested Documentation and Information
### 29 U.S.C. § 1132(c) (Undersigned Counsel Letter – Exhibit I)

52. Plaintiff incorporates all the recitations set forth in Paragraphs 1-51 hereof as if fully restated herein.

53. As set forth above, the undersigned counsel reiterated the request for documentation required to be produced by the Defendants. This request was made on July 24, 2020.

54. The Defendants refused to disclose any additional documentation unless the undersigned counsel produced a subpoena from a court of competent jurisdiction mandating disclosure.

55. Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by the undersigned counsel on July 24, 2020

### COUNT VII – Unjust Enrichment

56. Plaintiff incorporates all the recitations set forth in Paragraphs 1-55 hereof as if fully restated herein.

57. By refusing to approve Ms. Wilson's claim despite all the documentation and applicable federal provisions noted above, the Plan has unjustly enriched itself by using the funds that are otherwise due to Ms. Wilson to either pay other participant claims, offset plan expenses, or invest in assets permitted under applicable federal law.

58. Therefore, Ms. Wilson is requesting that the Court provide any and all equitable relief that it deems is appropriate and due to Ms. Wilson to account for the Plan's unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

A. That the court award her a monthly survivor annuity benefit, at an amount currently unbeknownst to the Plaintiff, but as required under the terms of the Plan and applicable federal law; and

B. An award of damages, and interest thereon (based on the actuarial equivalence rate set forth in the Plan and as mandated by the IRS), of an amount unbeknownst to the Plaintiff but which represents the unpaid survivor benefits that Ms. Wilson should have received effective the first day of the month following the death of Mr. Eric Wilson; and

C. Statutory penalties for the failure to respond to the requests submitted by attorneys Weber, Steinmetz, and the undersigned counsel; and

D. Reasonable attorney's fees and costs of this action; and

E. Such other legal or equitable relief that this Court deems appropriate.

Respectfully submitted,

/s/Jeremy T. Rodriguez
Jeremy T. Rodriguez (0081495)
jrodriguez@allottafarley.com
Allotta | Farley Co. LPA
2222 Centennial Road
Toledo, Ohio 43617
Phone: (419) 535-0075
Fax: (419) 535-1935

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served upon the Secretaries of Labor and Treasury in accordance with the rules set forth in 29 U.S.C. §1132(h).

*/s/Jeremy T. Rodriguez*
Jeremy T. Rodriguez (0081495)
jrodriguez@allottafarley.com
Allotta | Farley Co. LPA
2222 Centennial Road
Toledo, Ohio 43617
Phone: (419) 535-0075
Fax: (419) 535-1935