# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**STEPHANIE WILSON,**

     Plaintiff,

Case No. 21-cv-10355

v.

Hon. Laurie J. Michelson

**UAW FORD RETIREMENT PLAN and
UAW FORD RETIREMENT BOARD,**

Magistrate Judge Curtis Ivy, Jr.

     Defendants.

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants UAW Ford Retirement Plan ("the Plan") and UAW Ford Retirement Board ("the Board"), by its undersigned counsel, in Answer to Plaintiff's Complaint and for its Affirmative Defenses, states as follows:

## ANSWER TO SPECIFIC ALLEGATIONS IN PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the provisions of Sections 502(a)(1), (a)(3), (a)(4), (c), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(a)(1), (a)(3), (a)(4), (c), (e) and (f)].

    **Answer:**  Defendants admit that Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), but denies any allegation or inference Defendants have violated the law.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1132(e)(2), as the Defendants reside in this judicial district and a

substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

      **Answer:** Defendants admit venue is proper, but deny any allegations

or inference that they have violated the law.

## PARTIES

      3.    Ms. Wilson is an individual who is the surviving spouse of Mr. Eric Wilson. Ms. Wilson resides at the address set forth above, is currently furloughed from her regular place of employment, and her sole source of income consists of weekly unemployment benefits from the State of Michigan and monthly Social Security payments as the widow of Mr. Eric Wilson.

      **Answer:** Defendants deny Plaintiff is the surviving spouse of Eric

Wilson. Defendants are without knowledge or information sufficient to admit or

deny the remaining factual allegations in Paragraph 3 and on that basis deny.

      4.    Defendant UAW Ford Retirement Plan (the "Plan") is a defined benefit pension plan subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Plan is sponsored by Defendant UAW Ford Retirement Board (the "Board") and provides pension benefits to retired employees (and eligible beneficiaries) who were covered by a collective bargaining agreement between the Ford Motor Company and the United Autoworkers Union. In addition to sponsoring the Plan and following the terms of the governing documents, the Board is also charged with fulfilling all fiduciary duties imposed under ERISA. At this point, the Plaintiff does not know whether the Plan Administrator is an employee of the Plan/Board or a third-party administrator.

      **Answer:** Defendants deny each and every allegation of the first three

sentences of Paragraph 4, except to admit that the Plan is subject to ERISA, the Plan

provides pension benefits to Plan participants and, as applicable, their beneficiaries,

and that the Board has at all relevant times acted in good faith and consistent with

the law, including in exercising its fiduciary duties under ERISA. Defendants are

without knowledge or information sufficient to admit or deny the allegations in the fourth sentence of Paragraph 4.

## FACTS

5.      Plaintiff incorporates Paragraphs 1 through 4 above as if fully rewritten herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 5.   Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

6.      Plaintiff and Mr. Eric Wilson were married on August 7, 1971. As of the date of the marriage, Mr. Eric Wilson was employed as an autoworker and was working for the Ford Motor Company. A copy of the marriage certificate is attached hereto as Exhibit A.

**Answer:**  Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations in Paragraph 6, and therefore deny them, except to admit that Mr. Eric Davis (whom, on information and belief, Defendants understand to be the individual referred to in Plaintiff's Complaint as "Mr. Eric Wilson") began employment with Ford Motor Company ("Ford") on April 19, 1969. Defendants further aver that Mr. Davis represented to Defendants that he was not married.

7.      Sometime in 1984, Ms. Wilson and Mr. Eric Wilson began residing in separate residences. However, despite ceasing to cohabitate, Plaintiff and Mr. Eric Wilson remained married, never obtained a divorce or legal separation, and never attempted to remarry.

**Answer:** Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations in Paragraph 7, and on that basis deny. Defendants further aver that Mr. Davis represented to Defendants that he was not married.

8. Following the physical separation, Ms. Wilson and Mr. Eric Wilson remained in contact and continued to see one another.

**Answer:** Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations in Paragraph 8.

9. At a time, unbeknownst to the Plaintiff, Mr. Eric Wilson retired from the Ford Motor Company and elected to receive a retirement benefit under the Plan. Mr. Eric Wilson then began receiving a monthly pension benefit in an amount unbeknownst to the Plaintiff.

**Answer:** Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 9, and therefore deny them, except to admit that Mr. Davis retired from Ford, elected to receive a retirement benefit under the Plan, and received a pension benefit from the Plan, which was paid to him on a monthly basis.

10. Despite still being married to the Plaintiff, it appears based on the information the Plaintiff has received from the Plan that Mr. Eric Wilson was receiving a monthly pension benefit based on a single life annuity.

**Answer:** Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and therefore deny them, except to admit that Mr. Davis received a single-life annuity benefit from the Plan based on

4

his representation he was not married, which was paid to him in monthly installments until his death.

11.    The Plaintiff never signed or executed a waiver of any joint and survivor annuity benefits mandated by ERISA, nor have the Defendants produced such a waiver.

**Answer:**  Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegation that she "never signed or executed a waiver of any joint and survivor annuity benefits," and therefore deny the same.  Defendants further aver that Mr. Davis represented to Defendants that he was not married, and Defendants admit that they have not produced "such a waiver" to Plaintiff.

12.    Mr. Eric Wilson died on October 24, 2018. A copy of Mr. Eric Wilson's death certificate is attached hereto as Exhibit B.

**Answer:**  Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and therefore deny them, except to admit that their records reflect that Mr. Davis died on October 24, 2018.

13.    At no time prior to Mr. Eric Wilson's death was Plaintiff aware that Mr. Wilson was receiving a monthly pension benefit from the Plan.

**Answer:**  Defendants are without knowledge or information sufficient to admit or deny Plaintiff's state of mind and on that basis deny the allegations in Paragraph 13.

14.    On December 14, 2018, Attorney Kate Weber sent a letter to the Plan on behalf of Ms. Wilson making a claim for benefits as the surviving spouse of Mr. Eric Wilson and attached thereto a copy of the marriage certificate ("Exhibit A") and a letter from the Social Security Administration showing her entitlement to widow's benefits as the surviving spouse of Eric Wilson. A copy of Ms. Weber's letter is

attached hereto as Exhibit C. A copy of the letter from the Social Security Administrator referenced above is attached hereto as Exhibit D.

  **Answer:**  Defendants admit that Kate Weber sent a letter to the Plan

dated December 14, 2018, that a copy is attached as Exhibit C, and that this letter

included attachments.  Defendants are without knowledge or information sufficient

to admit or deny Plaintiff's allegations concerning her interpretation of this letter or

its attachments, and on that basis deny them.  Defendants also deny any remaining

allegations in Paragraph 14.

  15. There is no record of a written response from the Plan to Ms. Weber's letter.

  **Answer:**  The allegations of Paragraph 15 are vague and ambiguous

with respect to the terms "record" and "response," and on that basis Defendants deny

them.

  16. Plaintiff then engaged another attorney, Christine Steinmetz, to assist her in this matter. On May 10, 2019, Attorney Steinmetz sent a letter to the Plan on behalf of the Plaintiff making a claim for benefits as the surviving spouse of Mr. Eric Wilson, a demand for plan documents, a written explanation of the Plan's determination thus far, and documentation pertaining to Mr. Eric Wilson's accrued benefit under the Plan. A copy of Attorney Steinmetz's letter is attached hereto as Exhibit E.

  **Answer:**  Defendants admit that Christine Steinmetz sent a letter to the

Plan dated May 10, 2019 and that a copy is attached as Exhibit E.  Defendants also

admit that the letter contained a request for "the applicable Plan Document; the

applicable Summary Plan Description; the complete accounting of work history; and

a detailed explanation of how the benefit was calculated."  Defendants are without

knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of this letter, and therefore deny them. Defendants also deny any remaining allegations in Paragraph 16.

17.    There is no record of a written response from the Plan to Attorney Steinmetz's letter which addresses the claim for benefits as a surviving spouse and documentation/information requested therein.

**Answer:**  The allegations of Paragraph 17 are vague and ambiguous with respect to the terms "record" and "response," and on that basis Defendants deny them.  Defendants are also without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of Ms. Steinmetz's letter, and therefore deny them.   Defendants also deny the remaining allegations in Paragraph 17.

18.    The Plan sent a letter to Ms. Wilson dated August 16, 2019 stating that monies are due to Mr. Eric Wilson that were unpaid prior to his death. The letter indicates that the payment is payable to his estate and estimated to be $8,352.75. The letter does not address Ms. Wilson's previous claim for surviving spouse benefits or request for documentation. However, it is addressed to her attention as the representative of Mr. Eric Wilson's estate. A copy of the Plan's August 16, 2019 letter is attached hereto as Exhibit F.

**Answer:**  Defendants admit that the Plan sent Ms. Wilson a letter dated August 16, 2019, and that a copy is attached as Exhibit F.  Defendants also admit that the letter states that the "estimated" "unpaid amount due from the Ford-UAW Retirement Trust" is "$8,352.75."   Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her

interpretation of this letter, and therefore deny them.  Defendants also deny any

remaining allegations in Paragraph 18.

19.    Ms. Wilson then retained the undersigned counsel to represent her in
this matter. On June 9, 2020, the undersigned counsel sent the Plan a letter serving
as both a claim for benefits and a request for documentation and the administrative
record. Each of the Exhibits referenced above were included with counsel's letter. A
copy of the June 9, 2020 letter is attached hereto as Exhibit G.[1]

**Answer:**  Defendants are without knowledge or information sufficient

to admit or deny when Plaintiff retained Jeremy T. Rodriguez as counsel in this

litigation.  Defendants admit that Mr. Rodriguez sent a letter to the Plan dated June

9, 2020, that a copy is attached as Exhibit G, and it included exhibits.  Defendants

are without knowledge or information sufficient to admit or deny Plaintiff's

allegations concerning her interpretation of this letter, and therefore deny them.

Defendants also deny any remaining allegations in Paragraph 19, including the

allegations in footnote 1.

20.    On July 18, 2020, the Plan sent a letter to Ms. Wilson and the
undersigned counsel denying her claim for surviving spouse benefits. In response to
the claim, the Plan stated the following:

> "Your initial claim to Survivor's benefits has been denied by the Plan
> Administrator pursuant to the terms of the Plan. Pursuant to the Plan and/or
> Summary Plan Description (a copy of which is attached for your review), Ford
> Motor Company – UAW Retirement Plan, Article IV, Section 7(f); election

---

[1] In addition to the Exhibits referenced above, the undersigned counsel also
produced a letter from the Ohio Department of Vital Statistics indicating it had no
divorce on file for Mr. and Mrs. Wilson. As noted in the death certificate, Mr. Wilson
was living in Ohio at the time of his death. A copy of this letter is included with
Exhibit G.

for survivorship must have been received by the Board before the first day of the month in which the retiree has been married 18 months. However, if the election is made after the retiree's one year anniversary of his or her marriage but before the end of the 18 month election period, the coverage shall commence on the one year anniversary date and the applicable reduction shall commence on the first day of the month following the one year anniversary date. *Unfortunately, the participant did not inform the Board that he was married*." (emphasis added)

**Answer:** Defendants admit that the Board sent Ms. Wilson a letter on July 18, 2020, and aver that the allegations forming the block quote in this Paragraph accurately quote part of that letter.

21.     Despite the quoted provision above, the July 18, 2020 letter (referenced above and attached hereto as Exhibit H) only included nine (9) pages of either the Summary Plan Description ("SPD") or Plan document. The request for a copy of the administrative record was ignored and Ms. Wilson was told she could appeal the denial by filing a written request within sixty (60) days of the determination.

**Answer:** Defendants admit that the July 18, 2020 letter included a copy of Article IV, Section 7 of the Plan document, which is entitled "Survivor's Benefits," and further admit that the letter informed Plaintiff: "If you do not agree with this decision you have the right to file an appeal to the Ford-UAW Retirement Plan Committee." Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of this letter or its attachments, and therefore deny them. Defendants also deny any remaining allegations in Paragraph 21.

22.     On July 24, 2020, the undersigned counsel sent a letter to the Plan responding to Exhibit H. This letter reiterated the request for the complete Plan document, SPD, administrative record, along with a written response addressing the

documentation attached to the claim for surviving spouse benefits. The undersigned counsel indicated that he was unable to conduct a proper appeal without the document/information requested above. A copy of this July 24, 2020 letter is attached hereto as Exhibit I.

**Answer:** Defendants admit that Mr. Rodriguez sent a letter to the Board on July 24, 2020 and that a copy is attached as Exhibit I. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of this letter, and therefore deny them. Defendants also deny any remaining allegations in Paragraph 22.

23.    On August 20, 2020, the Plan sent a letter to Ms. Wilson and the undersigned counsel refusing the documentation and information request. Further, the Plan informed Ms. Wilson and counsel that it would only produce the documentation requested upon receipt of a subpoena. A copy of the Plan's letter is attached hereto as Exhibit J.

**Answer:** Defendants admit that the Board sent a letter to Mr. Rodriguez on August 20, 2020 and that a copy is attached as Exhibit J. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of this letter, and therefore deny them. Defendants deny any remaining allegations in Paragraph 23.

## <u>COUNT I – Breach of Fiduciary Duty</u><br><u>Section 29 U.S.C. §1132(a)(1)(B)</u>

24.    Plaintiff incorporates all the recitations set forth in Paragraphs 1-23 above as if fully restated herein.

**Answer:** Defendants have responded to each of the allegations incorporated by reference in Paragraph 24. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

25. As set forth above, Ms. Wilson is the surviving spouse of Mr. Eric Wilson. While the parties separated, there is no record of a legal divorce or separation.

**Answer:** Defendants have responded to the allegations incorporated by reference in Paragraph 25, and they repeat their prior responses as if fully set forth herein. Defendants aver that Mr. Davis represented to Defendants that he was not married, and on that basis deny Plaintiff's allegation that they were. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25, and therefore deny them.

26. Ms. Wilson is currently receiving surviving spousal benefits from the Social Security Administration as the surviving spouse of Mr. Eric Wilson.

**Answer:** Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 26 or whether Plaintiff is legitimately and legally entitled to those benefits.

27. Ms. Wilson contacted the Plan within two (2) months following the death of Mr. Eric Wilson and made a claim for surviving spouse benefits under the Plan.

**Answer:** Defendants admit that Kate Weber sent a letter to the Plan dated December 14, 2018. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's allegations concerning her interpretation of

this letter, and therefore deny them.  Defendants also deny the remaining allegations

in Paragraph 27.

28.     Ms. Wilson, through the undersigned counsel and previously retained
counsels, provided the Defendants with documentation establishing the facts raised
in Paragraphs 25 and 26 above.

**Answer:**  Defendants admit that Ms. Weber, Ms. Steinmetz, and Mr.

Rodriguez sent correspondence to Defendants, and attached thereto certain

documents.  Defendants are without knowledge or information sufficient to admit or

deny Plaintiff's allegations concerning her interpretation of this correspondence or

its attachments, and therefore deny them.  Defendants also deny the remaining

allegations in Paragraph 28.

29.     Under 26 U.S.C. § 401(a)(11), a defined benefit plan must provide a
Qualified Joint and Survivor Annuity ("QJSA") as the normal form of the benefit. A
QJSA provides a benefit to the surviving spouse following the death of a participant
who was receiving benefits from the plan at the time of his or her death. The
percentage of the benefit available to the surviving spouse depends upon the terms
of the Plan but must be at least 50%.

**Answer:**     The allegations of Paragraph 29 state Plaintiff's

interpretation of 26 U.S.C. § 401(a)(11), and thus are not factual allegations to which

an answer is required, but insofar as an answer may be deemed to be required,

Defendants deny Plaintiff's incomplete interpretation of the law in this Paragraph,

except to admit that 26 U.S.C. § 401(a)(11) is a section of the Internal Revenue

Code.

30.     Additionally, 26 U.S.C. § 417(a)(2) provides that the QJSA benefits awarded to a spouse cannot be waived unless such spouse consents in writing to the designation of another beneficiary (or form of benefits) and such written consent is witnessed by a plan representative or a notary public.

**Answer:**     The allegations of Paragraph 30 state Plaintiff's interpretation of 26 U.S.C. § 417(a)(2), and thus are not factual allegations to which an answer is required, but insofar as an answer may be deemed to be required. Defendants deny Plaintiff's incomplete interpretation of the law in this Paragraph, except to admit that 26 U.S.C. § 417(a)(2) is a section of the Internal Revenue Code.

31.     The Plan has failed to produce, or otherwise allege, that such a written consent was executed by Ms. Wilson.

**Answer:**  Defendants are without knowledge or information sufficient to admit or deny Plaintiff's factual allegations in Paragraph 31, and therefore deny them, except to admit that Defendants have not produced a "written consent" to Plaintiff.

32.     Despite the evidence set forth above, the Plan has refused to accept her claim the surviving spouse of Mr. Eric Wilson and denied her benefits which are otherwise due to her under both the terms of the Plan and applicable federal law.

**Answer:**  Defendants deny each and every allegation of Paragraph 32, except to admit that Defendants have denied Ms. Wilson's claim to benefits as an alleged surviving spouse of Mr. Davis.

33.     Accordingly, Plaintiff brings this action to recover the benefits noted above, enforce her rights under the terms of the Plan, and to clarify her rights to future benefits under the terms of the Plan.

**Answer:**  Defendants admit that Plaintiff has brought this lawsuit, but deny that she is entitled to any past or future benefits under the terms of the Plan, and they also deny any allegation or inference that Defendants have violated the law. Defendants deny any remaining allegations of this Paragraph.

## COUNT II – Enjoinment and Other Appropriate Equitable Relief
## 29 U.S.C. §1132(a)(3)

34.    Plaintiff incorporates all the recitations set forth in Paragraphs 1-33 above as if fully restated herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 34.   Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

35.    By refusing to provide the surviving spouse benefits to Ms. Wilson, the Plan is engaging in a practice which violates both the IRS Code provisions noted in Paragraphs 29 and 30 above and the terms of the Plan.[2]

**Answer:**  Defendants deny each and every allegation of this Paragraph. Defendants also deny any allegation or inference that they have violated the law.

36.    Therefore, Ms. Wilson is requesting that the Court enjoin this denial which violates the IRS Code provisions noted above, redress this violation, and enforce the applicable provisions noted above.

**Answer:**  Defendants admit that Plaintiff is seeking injunctive relief from the Court, but deny that she is entitled to any of the requested relief.

---

[2] Counsel has not seen a complete copy of the Plan document or Summary Plan Description but assumes that the Plan has received a favorable IRS determination letter and the current documents comply with applicable federal law.

Defendants also deny any allegation or inference that they have violated the law. Defendants deny any remaining allegations of this Paragraph.

### COUNT III – Enjoinment and Other Appropriate Equitable Relief
### 29 U.S.C. §1132(a)(3)

37.     Plaintiff incorporates all the recitations set forth in Paragraphs 1-36 hereof as if fully restated herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 37.   Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

38.     As noted above, the Plan has not produced written evidence that it has otherwise complied with the claims and appeals regulations set forth in 29 C.F.R. § 2560.503-1. This includes written evidence responding to the claims made on Ms. Wilson's behalf by attorneys Weber and Steinmetz.

**Answer:**   Defendants have responded to the allegations incorporated by reference in Paragraph 38, and they repeat their prior responses as if fully set forth herein.   To the extent not already addressed herein, Defendants deny each and every allegation of this Paragraph.   Defendants also deny any allegation or inference that they have violated the law.

39.     Moreover, the responses provided to the undersigned counsel were inadequate and did not meet the requirements of 29 C.F.R. § 2560.503-1.

**Answer:**   The allegations of Paragraph 39 state Plaintiff's interpretation of 29 C.F.R. § 2560.503-1, and thus are not factual allegations to which an answer is required, but insofar as an answer may be deemed to be required,

Defendants deny the allegations in this Paragraph. Defendants also deny any allegation or inference that they have violated the law.

40.   Additionally, the Defendants have refused to disclose the administrative record related to Ms. Wilson's claim for benefits.

**Answer:** Defendants deny each and every allegation in Paragraph 40.

41.   The documents requested by the undersigned counsel (on two separate occasions) and attorneys Weber and Steinmetz are required to be produced under both 29 U.S.C. § 1021 and §1133.

**Answer:** The allegations of Paragraph 41 state Plaintiff's interpretation of 29 U.S.C. § 1021 and 29 U.S.C. §1133, and thus are not factual allegations to which an answer is required, but insofar as an answer may be deemed to be required, Defendants deny the allegations in this Paragraph. Defendants also deny any allegation or inference that they have violated the law.

42.   In refusing to adequately respond to documentation and claims requests, the Defendants have prevented Ms. Wilson from receiving a full and fair review as otherwise mandated under ERISA.

**Answer:** Defendants deny each and every allegation of this Paragraph. Defendants also deny any allegation or inference that they have violated the law.

43.   Therefore, Ms. Wilson is requesting that the Court force the Plan to disclose the documentation requested and to redress this violation by providing any appropriate equitable relief that it deems proper to account for the hardship caused to the Plaintiff due to this violation.

**Answer:** Defendants admit that Plaintiff is seeking injunctive relief from the Court, but deny that she is entitled to any of the requested relief.

Defendants also deny any allegation or inference that they have violated the law.

Defendants deny any remaining allegations of this Paragraph.

### COUNT IV – Refusal to Disclose Requested Document and Information
### 29 U.S.C. § 1132(c) (Steinmetz Letter – Exhibit E)

44.    Plaintiff incorporations all the recitations set forth in Paragraphs 1-43 hereof as if fully restated herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 44.   Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

45.    As set forth above, Attorney Steinmetz made a valid claim for documentation required to be produced by the Defendants. This request was made on May 10, 2019.

**Answer:**   Defendants have responded to the allegations incorporated by reference in Paragraph 45, and they repeat their prior responses as if fully set forth herein.   To the extent not already addressed herein, Defendants deny each and every allegation of this Paragraph, except to admit that Ms. Steinmetz sent the Plan a letter on May 10, 2019.   Defendants also deny any allegation or inference that they have violated the law.

46.    There is no written record of the Defendants responding to this request.

**Answer:**   The allegations of Paragraph 46 are vague and ambiguous with respect to the terms "written record" and "responding," and on that basis Defendants deny them.

47.     Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by Attorney Steinmetz on May 10, 2019.

**Answer:**  Defendants admit that Plaintiff is asking the Court to award her a statutory penalty, but deny that she is entitled to this requested relief. Defendants also deny any allegation or inference that they have violated the law. Defendants deny any remaining allegations of this Paragraph.

### COUNT IV – Refusal to Disclose Requested Document and Information 29 U.S.C. § 1132(c) (Undersigned Counsel Letter – Exhibit G)

48.     Plaintiff incorporates all the recitations set forth in Paragraphs 1-47 hereof as if fully restated herein.

**Answer:**  Defendants have responded to each of the allegations incorporated by reference in Paragraph 48.  Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

49.     As set forth above, the undersigned counsel made a valid claim for documentation required to be produced by the Defendants. This request was made on June 9, 2020.

**Answer:**  Defendants have responded to the allegations incorporated by reference in Paragraph 49, and they repeat their prior responses as if fully set forth herein.  To the extent not already addressed herein, Defendants deny each and every allegation of this Paragraph, except to admit that Mr. Rodriguez sent the Plan a letter on June 9, 2020.  Defendants also deny any allegation or inference that they have violated the law.

50.    The Defendants responded by producing nine (9) pages of either the Plan document or Summary Plan Description and ignored the request for a copy of the administrative record.

**Answer:**  Defendants admit that on July 18, 2020 they sent Ms. Wilson a letter, which attached nine pages of the Plan document, including the section entitled "Survivor's Benefits."   Defendants deny any remaining allegations of Paragraph 50.  Defendants also deny any allegation or inference that they have violated the law.

51.    Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by the undersigned counsel on June 9, 2020.

**Answer:**  Defendants admit that Plaintiff is asking the Court to award her a statutory penalty, but deny that she is entitled to this requested relief. Defendants also deny any allegation or inference that they have violated the law. Defendants deny the remaining allegations of this Paragraph.

## COUNT IV – Refusal to Disclose Requested Document and Information 29 U.S.C. § 1132(c) (Undersigned Counsel Letter – Exhibit I)

52.    Plaintiff incorporates all the recitations set forth in Paragraphs 1-51 hereof as if fully restated herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 52.  Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

53.    As set forth above, the undersigned counsel reiterated the request for documentation required to be produced by the Defendants. This request was made on July 24, 2020.

**Answer:**  Defendants have responded to the allegations incorporated by reference in Paragraph 53, and they repeat their prior responses as if fully set forth herein.  To the extent not already addressed herein, Defendants deny each and every allegation of this Paragraph, except to admit that Mr. Rodriguez sent the Plan a letter on July 24, 2020.  Defendants also deny any allegation or inference that they have violated the law.

54.    The Defendants refused to disclose any additional documentation unless the undersigned counsel produced a subpoena from a court of competent jurisdiction mandating disclosure.

**Answer:**  Defendants deny each and every allegation in Paragraph 54.

55.    Therefore, Ms. Wilson is requesting that the Court award her the statutory penalty for the failure to comply with the request made by the undersigned counsel on July 24, 2020

**Answer:**  Defendants admit that Plaintiff is asking the Court to award her a statutory penalty, but deny that she is entitled to this requested relief.  Defendants also deny any allegation or inference that they have violated the law.  Defendants deny the remaining allegations of this Paragraph.

## COUNT VII – Unjust Enrichment

56.    Plaintiff incorporates all the recitations set forth in Paragraphs 1-55 hereof as if fully restated herein.

**Answer:**   Defendants have responded to each of the allegations incorporated by reference in Paragraph 56.  Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

57.     By refusing to approve Ms. Wilson's claim despite all the documentation and applicable federal provisions noted above, the Plan has unjustly enriched itself by using the funds that are otherwise due to Ms. Wilson to either pay other participant claims, offset plan expenses, or invest in assets permitted under applicable federal law.

**Answer:** Defendants deny each and every allegation of this Paragraph.

Defendants also deny any allegation or inference that they have violated the law.

58.     Therefore, Ms. Wilson is requesting that the Court provide any and all equitable relief that it deems is appropriate and due to Ms. Wilson to account for the Plan's unjust enrichment.

**Answer:** Defendants admit that Plaintiff is seeking equitable relief

from the Court, but deny that she is entitled to this requested relief. Defendants also

deny any allegation or inference that they have violated the law. Defendants deny

any remaining allegations of this Paragraph.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A.     That the court award her a monthly survivor annuity benefit, at an amount currently unbeknownst to the Plaintiff, but as required under the terms of the Plan and applicable federal law; and

B.     An award of damages, and interest thereon (based on the actuarial equivalence rate set forth in the Plan and as mandated by the IRS), of an amount unbeknownst to the Plaintiff but which represents the unpaid survivor benefits that Ms. Wilson should have received effective the first day of the month following the death of Mr. Eric Wilson; and

C.     Statutory penalties for the failure to respond to the requests submitted by attorneys Weber, Steinmetz, and the undersigned counsel; and

D.     Reasonable attorney's fees and costs of this action; and

E.      Such other legal or equitable relief that this Court deems appropriate.

**Answer:** The text and paragraphs A through E underneath the section titled "Prayer for Relief" contain Plaintiff's prayer for relief and not averments of fact for which an answer is required, but insofar as an answer may be deemed to be required, Defendants deny each and every allegation of this section (including paragraphs A through E) therein, and further deny that Plaintiff is entitled to any of the forms of relief sought in the Complaint.

Defendants further deny any and all other allegations of the Complaint not specifically addressed herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiff, Defendants plead the following affirmative and other defenses. Defendants expressly reserve and do not waive their rights to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to state a claim upon which economic or non-economic damages, attorneys' fees, litigation expenses, prejudgment interest, an accounting, and/or any other form of relief may be awarded.

## THIRD DEFENSE

Plaintiff failed to satisfy all conditions precedent to entitlement to benefits, including but not limited to failing to exhaust administrative remedies and/or complying with all internal administrative deadlines and procedures for filing her claim for benefits or appeal.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they conflict with or seek additional remedies not available under ERISA.

## FIFTH DEFENSE

There is no causal relationship between the losses alleged, if any, and any alleged wrongful acts or omissions by Defendants.

## SIXTH DEFENSE

Plaintiff has not been damaged in the sums or manner alleged, or in any sum or manner, or at all, but if the Court determines Plaintiff is entitled to benefits as the surviving spouse of Mr. Eric Davis, those benefits must be offset pursuant to 29 U.S.C. § 1055(c)(6).

SEVENTH DEFENSE

Defendants acted consistent with their fiduciary obligations under ERISA.

EIGHTH DEFENSE

Defendants acted within their discretion, and not arbitrarily or capriciously, when they enforced the Plan according to its terms, and therefore, Plaintiff is not entitled to the relief sought.

NINTH DEFENSE

Defendants have acted in good faith, and not in willful violation of any applicable legal standard.

TENTH DEFENSE

Ford has timely and fully responded to all requests for documentation required to be provided under ERISA

ELEVENTH DEFENSE

To the extent Defendants were obligated to produce Plan documents to Plaintiff under ERISA, Defendants acted at all times in good faith, and are entitled to relief under the Department of Labor ("DOL"), Employee Benefits Security Administration ("EBSA") Disaster Relief Notice 2020-01, and the Notice of Extension of Certain Timeframes for Employee Benefit Plans, Participants, and Beneficiaries Affected by the COVID–19 Outbreak ("Joint Notice") issued by the DOL, the Department of the Treasury, and the Internal Revenue Service.

## TWELFTH DEFENSE

Plaintiff is not entitled to discovery on her fiduciary breach claim; rather, that claim should be resolved via cross-motions for judgment on the administrative record, pursuant to the Sixth Circuit's decision in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998).

## THIRTEENTH DEFENSE

Defendants have not knowingly and intentionally waived any applicable affirmative defenses and reserve the right to raise additional affirmative defenses as they become known to them through discovery in this matter. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

WHEREFORE, having answered the allegations of the Complaint, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing by her Complaint, that Defendants recover from Plaintiff their costs expended in this action, including reasonable expenses and attorneys' fees, and that the Court grant such other and further relief as it may deem just and proper.

Dated:  April 7, 2021                    Respectfully submitted,


                                         /s/*Eric J. Pelton*_____
                                         Eric J. Pelton (P40635)
                                         KIENBAUM HARDY VIVIANO
                                         PELTON & FORREST, P.L.C.
                                         *Attorneys for Defendants*
                                         280 N. Old Woodward Ave., Ste. 400
                                         Birmingham, MI  4009
                                         (248) 645-0000
                                         epelton@khvpf.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF parties on record.

/s/ *Eric J. Pelton*
Eric J. Pelton (P40635)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com

408937